GEORGE S. CARDONA
Acting United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
MONICA E. TAIT
Assistant United States Attorney
California Bar Number 157311
Asset Forfeiture Section
1400 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-2931
Facsimile: (213) 894-7177
E-mail: Monica.Tait@usdoj.gov
Attorneys for Plaintiff
United States of America

**JS-6**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>REAL PROPERTY LOCATED AT 4300-4302 E. 3RD STREET, LOS ANGELES, CALIFORNIA, et al.,<br>Defendants.<br>______________________________<br>JOSE ESCOBAR, LINDA U.S. ESCOBAR, MODESTA SALAS, OMNI BANK, N.A., AND CITY OF BALDWIN PARK,<br>Claimants.<br>______________________________ | NO. CV 07-5492 VBF (FFMx)<br>CONSENT JUDGMENT<br>[CASE-DISPOSITIVE] |

The court having reviewed the accompanying stipulation between plaintiff United States of America and Claimants Linda U.S. Escobar (“L. Escobar”) and Modesta Salas (“M. Salas”), IT IS HEREBY ORDERED as follows:

1. The government commenced this action on August 23, 2007 by filing its complaint alleging that six real properties are subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C), 984, 21 U.S.C. § 881(a)(6), and 31 U.S.C. § 5317(c)(2). The United States notified potential claimants of the action, and published notice of this action as required by Supplemental Rule G(4)(a), Federal Rules of Civil Procedure, on December 21 and 28, 2007 and January 4, 2008. The time for filing a claim to contest the forfeiture of any of the properties has expired.

2. L. Escobar and M. Salas have asserted interests in the following real properties, which constitute the remaining defendant assets in this case (collectively, "Defendant Real Properties"):

a. Real Property located at 4300-4302 E. 3rd Street, Los Angeles, California (the "3rd Street property") which has assessor's parcel numbers ("APNs") 5236-019-026 and 5236-019-003. A legal description of the 3rd Street property is attached as Exhibit A to the parties' stipulation for entry of this Order (the "Stipulation"). L. Escobar claims an interest in this property.

c. Real property located at 2617 E. Cesar Chavez Ave., Los Angeles, California ("Cesar Chavez property"), APN 5177-033-015. A legal description of the Cesar Chavez property is attached as Exhibit B to the Stipulation. L. Escobar and M. Salas each claim an interest in this property.

d. The real property located in Long Beach, California (Escobar) ("Long Beach property"), APN 7303-012-047. A legal description of the Long Beach property is attached as Exhibit C to the Stipulation. L. Escobar claims an interest in this property.

3. The United States has resolved this matter as to all the remaining claimants to the Defendant Real Properties, as follows:

(a) the United States has forfeited the interests of claimant Jose Escobar Sr. in the 3rd Street Property, the Cesar Chavez property, and the Long Beach property (docket nos. 60, 61);

(b) the United States has recognized the lien of Omni Bank on the 3rd Street Property (docket no. 31); and

(c) the United States has recognized the lien of Washington Mutual Bank in the Long Beach property (docket no. 32(d).

4. The United States has disclaimed any intention to forfeit the three remaining properties listed in the caption of its complaint for forfeiture (Real Property located at 3026 Frazier St., Baldwin Park, California; Real Property Located in West Covina, California; and Real Property Located in Los Angeles, California) in filings docketed as nos. 58, 69 and 71.

5. It is the intention of plaintiff United States of America and claimants L. Escobar and M. Salas to resolve all of their remaining competing claims in this action by their Stipulation and this Consent Judgment.

6. This Court has jurisdiction over the subject matter of the present action and over the parties to the Stipulation.

7. The Complaint states a claim for relief against the Defendant Real Properties.

8. The United States has recognized the claim of M. Salas to a 50% interest in the Cesar Chavez property pursuant to 28 U.S.C. § 2465(b)(2)(C). M. Salas has agreed that her interest in the Cesar Chavez property is limited to 50%. M. Salas further has consented to the sale of the Cesar Chavez property in accordance with the provisions of the Stipulation.

9. In settlement of this action, L. Escobar and M. Salas shall pay $72,000 to the United States (the "Settlement Amount"). The Settlement Amount must be paid by no later than one year after date of the court's entry of this Order. The payment terms are as follows:

a. L. Escobar and M. Salas (as to the Cesar Chavez property) shall forthwith market for sale all of the following properties:

(1) the Defendant Real Properties;

(2) the real property located at 3026 Frazier St., Baldwin Park, California, APN 8556-022-011 ("Frazier property"). A legal description of the Frazier property, accurate at the time this action was filed, is attached as Exhibit D to the Stipulation. The parties recognize that L. Escobar may sell only such portion of the Frazier property as has not been condemned in the matter <u>People of the State of California v. Jose Gregorio Escobar</u>, CV 08-669 VBF (FFMx) (the "Condemnation Action"). To the extent the legal description and/or APN of the portion of the

Frazier property controlled by L. Escobar and Jose Escobar Sr. has changed as a result of the Condemnation Action, L. Escobar agrees that the Stipulation and this Order refers to the portion she and Jose Escobar Sr. control; and

(3) the real property located at 4188 S. Hoover Street, Los Angeles, California, APN 5019-017-015 ("Hoover property"). A legal description of the Hoover property is attached as Exhibit E to the Stipulation;

b. Although Jose Escobar Sr. is on title to the Frazier property and the Hoover property, L. Escobar warrants that she has the authority and power from Jose Escobar Sr. to sell those properties in the manner set forth in the Stipulation.

c. L. Escobar and M. Salas shall market the properties listed in paragraph 9(a) for fair market value, to sell properties expeditiously in order to pay the Settlement Amount, and shall conduct all sale(s) using a licensed California escrow company;

d. Upon the sale of any property described in paragraph 9(a), the proceeds are to be distributed as follows:

i. First, for payment of all costs of sale for the sold property (including, but not limited to, real estate commissions and appraisals);

ii. Second, for payment to the tax assessor's office and tax collector for the County of Los Angeles for any real property taxes due and owing on the sold property as of the date of sale;

iii. Third, for payment of all amounts owed to parties who recorded liens against the sold property prior to the date the United States recorded its *lis pendens* against the sold property. *Provided*, the date limitation in this subparagraph shall not apply to the Frazier and Hoover properties;

iv. Fourth, for payment to the United States of the unpaid balance of the Settlement Amount as of the date the sale closes; and

v. Fifth, the balance, if any, to L. Escobar and/or M. Salas or to such parties they may designate.

e. It is the parties' intent that the titleholders and sellers of the properties identified in paragraph 9(a), including L. Escobar, M. Salas, and Jose Escobar Sr., shall receive none of the net proceeds from a sale pursuant to this Order until the Settlement Amount is paid in full. All escrow instructions for all sales conducted pursuant to this Order must conform to Paragraph 9. To the extent the United States has recorded a lis pendens or lien against a sold property, counsel for the United States will release such interest after counsel receives confirmation from an escrow officer that the terms of sale are consistent with this Order.

10. All right, title, and interest of the parties to the Stipulation, and all other potential claimants, in the Settlement

Amount funds paid to the United States in connection with the Stipulation and this Order is hereby condemned and forfeited to the United States without further order of the Court. The United States Marshals Service shall dispose of such funds in accordance with law.

11. The Stipulation requires that L. Escobar and Jose Escobar Sr. (individually or by an authorized power of attorney) shall execute a Promissory Note and a Deed of Trust in favor of the United States. The Promissory Note shall set forth Linda Escobar's agreement to pay $72,000 (i.e., the Settlement Amount). No interest shall accrue on the note. The Deed of Trust shall grant the United States security interests in the Frazier property, to the extent of $72,000, to secure the performance of L. Escobar's and M. Salas' obligation to pay the Settlement Amount. The Promissory Note and Deed of Trust were delivered by Linda Escobar to the United States on or about February 23, 2010 and are attached as Exhibits F and G to the Stipulation. The United States may record the Deed of Trust.

12. If Linda Escobar and/or M. Salas timely pays the Settlement Amount in full, the United States will deliver to their undersigned counsel (1) executed withdrawals of the lis pendens the government recorded against the Defendant Real Properties, (2) a deed quit claiming the United States' interests in the Defendant Real Properties to L. Escobar, and (3) a full reconveyance of the Deed of Trust described in paragraph 11, and a cancellation of the related promissory note. Alternatively, in the event the Cesar Chavez property is sold pursuant to the provisions of paragraph 13, and in the event that the full unpaid

balance of the Settlement Amount is paid via such sale, the United States will deliver the documents described in the preceding sentence to Linda Escobar’s undersigned counsel.

13. If the Settlement Amount is not timely paid in full this paragraph 13 shall apply:

a. The United States shall sell the Cesar Chavez property pursuant to its completed forfeiture of the 50% ownership interest of Jose Escobar Sr. in that property. The United States shall promptly notify L. Escobar and M. Salas by mail and fax addressed to claimants’ undersigned counsel when and if the United States undertakes to sell pursuant to this paragraph.

b. Upon the sale of the Cesar Chavez property pursuant to this paragraph 13, the proceeds shall be distributed as follows:

i. First, for payment of all costs of sale (including, but not limited to, real estate commissions, appraisals, and costs and expenses of the United States Marshals service and its agents in connection with the sale of the property);

ii. Second, for payment to the tax assessor's office and tax collector for the County of Los Angeles for any real property taxes due and owing on the property as of the date of sale;

iii. Third, for payment of all amounts owed to parties who recorded liens against the Cesar

Chavez property prior to the date the United States recorded its *lis pendens* against the property;

iv. Fourth, for payment to the United States of the unpaid balance of the Settlement Amount; and

v. Fifth, the remaining sales proceeds, if any, shall be paid to M. Salas and L. Escobar in equal shares.

d. L. Escobar, M. Salas, and all tenants of the Cesar Chavez property must vacate the Cesar Chavez property by no later than the 30th calendar day after the United States notifies L. Escobar and M. Salas of its undertaking to sell that property. If the Cesar Chavez property is not vacant by that date, the United States Marshals Service is hereby empowered to enter and take possession of the Cesar Chavez property by whatever reasonable means are at its disposal, and to evict all occupants and remove their personal property without further notice or court order. L. Escobar and M. Salas shall cooperate with all requests of agencies of the United States and representatives contracted by the United States for access to the Cesar Chavez property in connection with a sale pursuant to this paragraph 13.

14. If after six months from the entry of this Order either no property has been sold, or no payment towards the Settlement

Amount has been made, counsel for the parties shall meet and confer regarding Claimants' progress in marketing and selling the properties and making the payment, and schedule a status conference with the court to review these issues.

15. Except as to such rights and obligations created by the Stipulation, L. Escobar and M. Salas have released and agreed to hold harmless the United States (and any state or local law enforcement agency), and any agents, servants, and employees of the United States, including the Drug Enforcement Administration, acting in their individual or official capacities, from all claims, actions or proceedings which are related to or arise out of this action, including, but not limited to, any claim for attorney's fees, costs, and/or interest, that may hereafter be asserted or brought by either of them or on behalf of either of them.

16. All of the undersigned shall execute all documentation necessary to carry out the Stipulation and this Order. Each party waives its right to appeal this Order. Entry of this Order constitutes a certificate of reasonable cause pursuant to 28 U.S.C. § 2465(a)(2). Each party shall bear its own costs of litigation and attorney's fees.

17. The district court retains jurisdiction over this case and the parties hereto to effectuate the terms of the Stipulation this Order. There being no just reason for delay, the clerk

//

//

//

//

shall enter this Order, which constitutes a final judgment fully resolving this action.

IT IS SO ORDERED.

DATED: February 26, 2010

Valerie Baker Fairbank

THE HONORABLE VALERIE BAKER FAIRBANK
United States District Judge

Presented by:

GEORGE S. CARDONA
Acting United States Attorney

/s/ Monica E. Tait
MONICA E. TAIT
Assistant United States Attorney